Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000807
23-DEC-2016
10:52 AM

NO. CAAP-12-0000807

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

DARNELL GRIFFIN, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P.P. NO. 12-1-0035 (CR. NO. 07-1-0647))

MEMORANDUM OPINION
(By: Nakamura, C.J., Fujise and Leonard, JJ.)

Petitioner-Appellant Darnell Griffin (Griffin) appeals
from the Circuit Court of the First Circuit's (Circuit Court)[1]
September 6, 2012 Findings of Fact, Conclusions of Law and Order
Denying Petition to Vacate, Set Aside, or Correct Judgment or to
Release Petitioner from Custody (Rule 40 Order)

On appeal, Griffin argues the Circuit Court erred
because it denied Griffin's Hawai'i Rules of Penal Procedure
(HRPP) Rule 40 petition for post-conviction relief without a
hearing despite the presentation of colorable claims for
ineffective assistance of trial and appellate counsel.

I.

In the underlying criminal matter involved here,
Griffin was charged with and found guilty of Murder in the Second
Degree pursuant to Hawaii Revised Statutes (HRS) § 707-701.5
(2014)[2] and sentenced to life in prison without the possibility

---

[1] The Honorable Judge Dexter D. Del Rosario presided.

[2] **Murder in the second degree.** (1) Except as provided
in section 707-701, a person commits the offense of murder
(continued...)

of parole pursuant to HRS §§ 706-656(2) (1993 and Supp. 2013) and 706-657 (Supp. 2013)[3] based on a prior conviction for murder.[4]

On July 11, 2012 Griffin filed his Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner for Custody (Petition) pursuant to HRPP Rule 40 alleging fourteen grounds for relief.[5]

---

[2](...continued)
in the second degree if the person intentionally or knowingly causes the death of another person.

(2) Murder in the second degree is a felony for which the defendant shall be sentenced to imprisonment as provided in section 706-656.

[3]

§706-657 Enhanced sentence for second degree murder. The court may sentence a person who has been convicted of murder in the second degree to life imprisonment without the possibility of parole under section 706-656 if the court finds . . . that the person was previously convicted of the offense of murder in the first degree or murder in the second degree in this State or was previously convicted in another jurisdiction of an offense that would constitute murder in the first degree or murder in the second degree in this State.

[4] Griffin appealed his conviction for Murder in the Second Degree in the present case, where he "challeng[ed] the conduct of grand jury counsel leading to his indictment, the exclusion of prior sexual conduct evidence and admission of certain pre-trial statements made by him, and the sufficiency of the evidence presented at trial." State v. Griffin, 126 Hawai'i 40, 43, 266 P.3d 448, 451 (App. 2011). This court affirmed Griffin's conviction, and found the trial court did not abuse its discretion in denying Griffin's challenge to dismiss the indictment, id. at 53-54, 266 P.3d at 461-62, did not err in excluding evidence of the decedent's prior sexual behavior, id. at 55, 266 P.3d at 463, and did not err in allowing Officer Lombardi's testimony regarding Griffin's statements made to his wife over the phone while Griffin was in custody, id. at 56, 266 P.3d at 464, and that sufficient evidence was provided such that the jury's unanimous verdict of guilty was supported, id. at 58, 266 P.3d at 466. Following the affirmation of the trial court's Judgment, the Hawai'i Supreme Court rejected Griffin's March 5, 2012 application for writ of certiorari. State v. Griffin, SCWC-29981, 2012 WL 1293150 (Apr. 16, 2012).

[5] Griffin's grounds for post-conviction relief were as follows:

Ground one:  Ineffective assistance of trial counsel

Ground two:  Conviction was tainted by perjured testimony of two HPD officers.

Ground three:  Prosecutorial misconduct

Ground four: Ineffective assistance of appellate counsel

Ground [five]:  Due process violation by not allowing testimony regarding victim's recent past (Rule 412(b) [sic].

(continued...)

2

[5](...continued)

> Ground [six]: Grand jury counsel improper statements violated due process rights, statements were prejudicial, not harmless.
>
> Ground [seven]: Insufficiency of Evidence - the state did not prove every element of the charge. There was no evidence presented that proved that I was the person who knowingly committed the crimes against the victim. Evidence was offered that proved I was not the last person seen with the victim. I did not match the description of the suspect.
>
> Ground [eight]: The trial court erred by not questioning the jury and removing any affected by the reports in the media (radio, newspaper, and TV) that were constantly reporting news about a prior conviction in 1983. This coverage introduced evidence of prior bad acts that are excluded in court, but was offered via the media. Even during deliberations there were constant media reports of this information.
>
> Ground [nine]: Trial counsel knew of missing evidence (a picture of a black male taken by victim) that victim's husband reported as matching the identity of the suspect, yet did not bring this point to the attention of the court, which may have exculped [sic] me.
>
> Ground [ten]: Trial counsel failed to investigate or attempt to locate vehicle matching the description of the suspects [sic] vehicle. Counsel knew of the police report that stated a Mr. Dubois and his vehicle matched descriptions given. The police report also had the license number of the vehicle and counsel knew of the whereabouts of Dubois prior to trial and did not seize vehicle for testing of possible DNA or other evidence which could have exhonorated [sic] me.
>
> Ground [eleven]: Trial counsel failed to subpoena possible alibi witness Andre Smith, who's story could have corroborated my wife's alibi testimony. Counsel's investigator made only one attempt to talk with witness after first meeting.
>
> Ground [twelve]: Trial counsel was in possession of an enlarged photo of a state license bearing my photo dated within days of the crime (which proved I did not match the description of the suspect). He failed to call any of the witnesses who saw and described the suspect or question them about my identity (me or using the photo) which could have convinced the jury that I was not the same person that committed the crime.
>
> Ground [thirteen]: Trial court erred by not granting a judgment of acquittal citing respect for the jury's decision and not relying on the evidence and the lack of evidence that would be efficient to find a verdict of guilty. There was clearly insufficient evidence presented.
>
> Ground [fourteen]: Trial counsel was ineffective in cross-examination of Officer Lombardi, Officer Sunia, and regarding other found dna [sic] (cat hairs), all of which was harmful to my defense by not presenting the officers' statements (evidence) as perjured and other evidence to

(continued...)

3

On September 6, 2012 the Circuit Court issued its Rule 40 Order. Based on a review of the Petition and Respondent-Appellee's State of Hawai'i's answer, the Circuit Court denied Griffin's Petition without a hearing pursuant to HRPP Rule 40(f).[6] On September 20, 2012, Griffin brought this appeal.[7]

II.

A.    Trial Counsel.

Griffin was represented at trial and on direct appeal by the Office of the Public Defender. "Where petitioner has been represented by the same counsel both at trial and on direct appeal, no waiver of the issue of trial counsel's performance occurs because no realistic opportunity existed to raise the issue on direct appeal." Briones v. State, 74 Haw. 442, 459, 848

---

[5](...continued)
clear me, such as the lack of my dna [sic] in the victim's pants.

[6]

(f) Hearings. If a petition alleges facts that if proven would entitle the petitioner to relief, the court shall grant a hearing which may extend only to the issues raised in the petition or answer. However, the court may deny a hearing if the petitioner's claim is patently frivolous and is without trace of support either in the record or from other evidence submitted by the petitioner. The court may also deny a hearing on a specific question of fact when a full and fair evidentiary hearing upon that question was held during the course of the proceedings which led to the judgment or custody which is the subject of the petition or at any later proceeding.

The petitioner shall have a full and fair evidentiary hearing on the petition. The court shall receive all evidence that is relevant and necessary to determine the petition, including affidavits, depositions, oral testimony, certificate of any judge who presided at any hearing during the course of the proceedings which led to the judgment or custody which is the subject of the petition, and relevant and necessary portions of transcripts of prior proceedings. The petitioner shall have a right to be present at any evidentiary hearing at which a material question of fact is litigated.

Where the petition alleges the ineffective assistance of counsel as a ground upon which the requested relief should be granted, the petitioner shall serve written notice of the hearing upon the counsel whose assistance is alleged to have been ineffective and said counsel shall have an opportunity to be heard.

[7]    Griffin initially defaulted on his appeal by failing to file a jurisdictional statement and an opening brief. However, we set aside his default and later granted his motion for appointment of counsel to assist him in his appeal.

P.2d 966, 975 (1993). The Circuit Court therefore erred in ruling that Griffin had waived his claims of ineffective assistance of trial counsel by failing to raise them on direct appeal.

The Circuit Court also denied Griffin's ineffective assistance of counsel claims without a hearing on the ground that they were patently frivolous and without a trace of support either in the record or other evidence submitted. HRPP Rule 40(f) requires the court to hold a hearing if a petition alleges facts that if proven would entitle a petitioner to relief. The court, however, may deny a hearing where the petitioner's claim is "patently frivolous and is without trace of support either in the record or from other evidence submitted by petitioner." HRPP Rule 40(f). We conclude that Griffin's claims of ineffective assistance of counsel were not all patently frivolous and without a trace of support, and therefore, the Circuit Court erred in denying Griffin's claims without a hearing.

The prosecution of Griffin involved a "cold" case that was charged many years after the murder of the victim was committed. Although DNA evidence placed Griffin with the victim on or about the date when she was last seen uninjured, proof that Griffin had committed the murder was circumstantial. As a result of his conviction, Griffin was sentenced to life without parole, the greatest possible punishment under Hawai'i law.

We conclude that Griffin's allegations that his trial counsel provided ineffective assistance in advising him not to testify for fear that he may open the door to past bad acts was not patently frivolous and raised a colorable claim for relief. See Jones v. State, 79 Hawai'i 330, 902 P.2d 965 (1995) (noting that the provision of erroneous legal advice to a defendant about the types of evidence that could be used to impeach him on cross-examination could constitute a "lack of skill" required for competent representation.) Griffin also alleged that his trial counsel failed to obtain evidence showing that the car he possessed at the time of the murder did not have a tow hitch and that trial counsel failed to interview witnesses who saw the victim leave with the suspected murderer and show them his

5

photograph, which Griffin contended would have demonstrated that he did not resemble the suspected murderer. We construe these allegations as a claim by Griffin that trial counsel failed to perform a sufficient investigation to competently represent him and conclude that this claim is not patently frivolous and raised a colorable claim for relief. See State v. Aplaca, 74 Haw. 54, 69-70, 837 P.2d 1298, 1306-07 (1992) (noting that the failure to adequately investigate the underlying facts of a case may constitute incompetent representation).

The record in this case does not indicate that trial counsel was served with the Petition and in any event does not include an explanation by trial counsel of his advice to Griffin regarding whether he should testify, the reasons for such advice, or the efforts made by trial counsel to investigate the underlying facts in preparing Griffin's defense. Under the circumstances of this case, we conclude that the Circuit Court erred in denying Griffin's Petition without a hearing.

### B. Appellate counsel.

Griffin also alleges that the Circuit Court "clearly erred by not granting Trial counsel's objection to the enhanced sentencing being decided by a judge instead of a jury." Griffin contends that "[b]ecause Appellate counsel failed to raise on appeal the trial court's error in overruling Trial counsel's objection to having the judge determine whether a enhanced sentence of life without the possibility of parole should be imposed, this sentence should be summarily reversed," or in the alternative, "a Rule 40 hearing on this issue should be granted." Griffin raised neither this sentencing issue nor the failure of his appellate counsel to assert this sentencing issue on his direct appeal or as a ground for his ineffective assistance of appellate counsel claim in the Petition. Therefore, the ground is waived.

Griffin further alleges appellate counsel erred in failing to raise ineffective assistance of trial counsel in his direct appeal and due to this and "many potential issues of ineffective assistance of trial counsel, a hearing on Griffin counsel's failure to raise these issues should be granted as

6

well." As we have concluded the Circuit Court must hold a hearing on Griffin's ineffective assistance of trial counsel claims, we do not reach whether his appellate counsel was ineffective for not raising these claims in his direct appeal.

### III.

Based on the foregoing, the September 6, 2012 Findings of Fact, Conclusions of Law and Order Denying Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody entered by the Circuit Court of the First Circuit is vacated and we remand the case for a hearing on Griffin's claims that his trial counsel provided ineffective assistance in advising him not to testify and in failing to sufficiently investigate the case to adequately represent him. We express no opinion on the merits of these claims or how the Circuit Court should decide them on remand.

DATED: Honolulu, Hawai'i, December 23, 2016.

On the briefs:

Lars Robert Issacson,
for Petitioner-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Respondent-Appellee.

Chief Judge

Associate Judge

Associate Judge

7